**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 1:26-cv-25167**

WORLD CLASS REALTY, LLC, a Florida limited liability company; TATIANA SOFFER, an individual,

Plaintiffs,

v.

MAKSIM POLETAEV, an individual, NIKITA POLETAEV, an individual, PAUL COELHO, an individual; CBRE, INC., a Delaware corporation,

Defendants.
_______________________________________/

**NOTICE OF REMOVAL**

Defendants Maksim Poletaev, Nikita Poletaev, and Paul Coelho (collectively, "Removing Defendants"), hereby remove this action under 28 U.S.C. §§ 1332, 1441, and 1446 from the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida (the "Circuit Court"), to the United States District Court for the Southern District of Florida. In support of removal, the Removing Defendants state as follows:

**BACKGROUND**

1. On or about January 19, 2026, Plaintiffs World Class Realty, LLC, a Florida limited liability company ("World Class"), and Tatiana Soffer, an individual ("Soffer") (collectively, "Plaintiffs"), filed a complaint in the Circuit Court, Case No. 2026-001079-CA-01 (the "State Court Action"), against Defendants Maksim Poletaev ("Maksim"), Nikita Poletaev ("Nikita"), Paul Coelho ("Coelho"), CBRE, Inc. ("CBRE"), Mary Flemming, ETXE I Inc., ETXE II Inc.,

ETXE I Inc., ETXE III Inc., ETXE IV Inc., Real Lurra US I Inc., Real Lurra US II Inc., and Real Lurra US III Inc.

2. On or about May 26, 2026, Plaintiffs filed an Amended Complaint, which is the operative pleading in the State Court Action ("Amended Complaint").

3. The Amended Complaint asserts five counts against only Maksim, Nikita, Coehlo, and CBRE: (i) Count I – Tortious Interference with Contract (World Class against CBRE); (ii) Count II – Tortious Interference with Advantageous Business Relationship (World Class against CBRE); (iii) Count III – Fraud: Intentional Misrepresentation and Concealment (Plaintiffs against Maksim and Coelho); (iv) Count IV – Fraud in the Inducement (Plaintiffs against Maksim); and (v) Count V – Civil Conspiracy to Commit Fraud (Plaintiffs against Maksim, Nikita, and Coelho).

4. Plaintiffs' claims arise from a dispute over real estate brokerage commissions relating to the October 28, 2025, sale of a commercial property known as "The Queue," located at 817 SE 2nd Avenue, Fort Lauderdale, Florida, for $47,750,000.00. Plaintiffs allege that World Class was entitled to a commission of 2.5% of the gross sale price, or $1,193,750.00, pursuant to an Exclusive Right of Sale Listing Agreement between World Class and non-party ETXE IV INC. ("ETXE IV"), and that the Removing Defendants fraudulently induced Plaintiffs to delay enforcement of their commission rights while the property was sold through another broker.

5. The State Court Action was assigned to Section CA07, before the Honorable Daryl E. Trawick of the Eleventh Judicial Circuit.

6. All pleadings, process, and orders served on the Removing Defendants or filed in this action at the time of removal are attached to this Notice of Removal in accordance with 28 U.S.C. § 1446(a). *See* Composite **Exhibit A**.

**TIMELINESS OF REMOVAL**

7. The Removing Defendants were served with the Amended Complaint via electronic mail pursuant to the Circuit Court's Order on Plaintiffs' Motion to Serve Amended Complaint by Email, dated June 25, 2026, and corrective orders, as follows: Defendant Nikita Poletaev was served on July 1, 2026; Defendant Paul Coelho was served on July 2, 2026; and Defendant Maksim Poletaev was served on July 9, 2026.

8. Removal is timely under 28 U.S.C. § 1446(b)(2)(C) because this Notice of Removal is filed within 30 days of service upon the Removing Defendants.

9. This Notice of Removal is also filed within one year of the commencement of the State Court Action, satisfying the limitation in 28 U.S.C. § 1446(c)(1).

**DIVERSITY OF CITIZENSHIP**

10. 28 U.S.C. § 1441(a) provides that any civil action over which this Court has original jurisdiction may be removed by the defendant to the appropriate district court of the United States.

11. 28 U.S.C. § 1332(a)(1) states that district courts shall have original jurisdiction where the amount in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different States.

12. The parties are completely diverse and were completely diverse at the time Plaintiffs filed the Amended Complaint.

13. Plaintiff World Class Realty, LLC is a Florida limited liability company. The citizenship of a limited liability company is determined by the citizenship of each of its members. *See Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004). World Class and its members are citizens of the State of Florida.

14. Plaintiff Tatiana Soffer is an individual domiciled in Florida and thus is a citizen of Florida.

15. Defendant Maksim Poletaev is an individual domiciled in the Russian Federation and thus is a citizen a foreign state – the Russian Federation.

16. Defendant Nikita Poletaev is an individual domiciled in the Russian Federation and thus is a citizen a foreign state.

17. Defendant Paul Coelho is an individual domiciled in Brazil and thus is a citizen a foreign state.

18. Defendant CBRE, Inc., is a Delaware corporation with its principal place of business in Texas. For diversity purposes, a corporation is a citizen of its state of incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). CBRE is therefore a citizen of Delaware or Texas.

19. Because Plaintiffs are citizens of the State of Florida and the Removing Defendants are each citizens or subjects of foreign states, complete diversity of citizenship exists between the parties pursuant to 28 U.S.C. §§ 1332(a)(2) and 1441(b).

20. No Removing Defendant is a citizen of the State of Florida, the state in which this action was brought, and accordingly the forum-defendant rule of 28 U.S.C. § 1441(b)(2) does not bar removal.

**AMOUNT IN CONTROVERSY**

21. The amount in controversy exceeds $75,000, exclusive of interest and costs, as required by 28 U.S.C. § 1332(a).

22. The Amended Complaint affirmatively alleges that Plaintiffs are entitled to compensatory damages of not less than $1,193,750.00, representing a 2.5% commission on the

$47,750,000.00 sale of The Queue. Plaintiffs additionally seek prejudgment and post-judgment interest, costs, and expressly reserve the right to seek punitive damages against the Removing Defendants pursuant to Section 768.72, Florida Statutes. The amount in controversy therefore substantially exceeds the $75,000 jurisdictional threshold.

23. Venue is proper in the Miami Division of this Court because this action is being removed from the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, which is located within this division. See 28 U.S.C. § 1441(a).

**CONSENT TO REMOVAL**

24. All three Removing Defendants join in and consent to this removal as evidenced by their joinder herein. *See* 28 U.S.C. § 1446(b)(2)(A).

25. Defendant CBRE, Inc. consents to but does not join in this Notice of Removal.

**NOTICE**

26. Written notice of the filing of this Notice of Removal will be provided to Plaintiffs, through their attorneys, and to all other parties, pursuant to 28 U.S.C. § 1446(d).

27. A copy of this Notice of Removal will be sent to all counsel of record in the State Court Action, and will be filed with the Clerk of Court for the State Court.

28. By filing this Notice of Removal, the Removing Defendants do not waive any defenses, rights, or objections, including without limitation defenses of lack of personal jurisdiction, improper venue, insufficiency of process, insufficiency of service of process, and failure to state a claim upon which relief can be granted; nor do the Removing Defendants concede that the allegations in the Amended Complaint state a valid claim under applicable law; nor do the Removing Defendants admit any of the allegations set forth therein.

**WHEREFORE,** the Removing Defendants respectfully request, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, that this action be removed in its entirety from the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida to this Court, that this Court proceed with the case as if it was originally initiated in this Court, and that this Court make and enter such further orders as may be necessary and proper.

Dated: July 30, 2026

*Respectfully submitted*,

**THE BUSINESS TRIAL GROUP**
*Counsel for Defendants Maksim Poletaev, Nikita Poletaev and Paul Coelho*
3111 N. University Drive, Suite 705
Coral Springs, Florida 33065
Tel: (305) 868-0200
e-mail: keith@silversteinpa.com

By: /s/ Keith D. Silverstein
Keith D. Silverstein, Esq.
Fla. Bar No. 086820

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 30, 2026, I electronically filed the foregoing with the Clerk of the Court with a copy of the same to be served upon counsel via the CM/ECF system, with a copy to be served upon counsel via email:

Jerry Breslin, Esq.
Jonathan Noah Schwartz, Esq.
Schwartz | Breslin PLLC
169 East Flagler Street, Suite 700
Miami, Florida 33131
JB@JSJB.Law
*Counsel for Plaintiffs*

Diego Pérez Ara
Brittany L. Finnegan
León Cosgrove Jiménez
255 Alhambra Circle, Floor 8
Coral Gables, FL, 33134
dperez@leoncosgrove.com
bfinnegan@leoncosgrove.com
*Counsel for Defendant CBRE Inc.*

By: /s/ Keith D. Silverstein
Keith D. Silverstein, Esq.
Fla. Bar No. 086820